NUNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED

MAR 2 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:21cr19 TSK MJA |
| SHELLY ANNE LEIPHAM, | Violations: 18 U.S.C. § 1341 |
| Defendant. | 18 U.S.C. § 1343 |
| | 18 U.S.C. § 1956(a)(1)(B)(i) |

## INDICTMENT

The Grand Jury charges that:

### COUNTS ONE THROUGH THREE

(Wire Fraud)

1. From in or about January 2018 through in or about approximately November 2020, the exact dates unknown to the Grand Jury, the defendant **SHELLY ANNE LEIPHAM** knowingly and intentionally devised a scheme and artifice to defraud and for obtaining money and property from others by means of material false and fraudulent pretenses, representations and promises.

2. As part of the scheme, the defendant **SHELLY ANNE LEIPHAM** advised targets that they had won or were eligible to win sweepstakes monies and in order to receive the sweepstakes monies, the targets needed to pay various amounts of money by mailing and wiring funds to the defendant **SHELLY ANNE LEIPHAM** to locations in the United States, including her residence in Las Vegas, Nevada.

3. As further part of the scheme, the defendant **SHELLY ANNE LEIPHAM** made phone calls to A.K., a victim living in or near Harrison County, in the Northern District of West Virginia. In these phone calls, A.K. was told that she had won one million dollars. The defendant **SHELLY ANNE LEIPHAM** instructed A.K. to wire funds to the defendant **SHELLY ANNE**

**LEIPHAM.**

4. On or about the dates listed in the chart below, in the Northern District of West Virginia and elsewhere, the defendant **SHELLY ANNE LEIPHAM** caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds for the purpose of executing such scheme, each transmission constituting a separate count:

| COUNT | DATE | TRANSMISSION |
|---|---|---|
| One | December 20, 2018 | The defendant caused A.K. to transfer $1,000.00 from Clarksburg, West Virginia to defendant in Las Vegas, Nevada via an RIA Financial Services transaction. |
| Two | April 15, 2019 | The defendant caused A.K. to transfer $1,000.00 from Clarksburg, West Virginia to defendant in Las Vegas, Nevada via an RIA Financial Services transaction. |
| Three | May 17, 2019 | The defendant caused A.K. to transfer $500.00 from Clarksburg, West Virginia to defendant in Las Vegas, Nevada via an RIA Financial Services transaction. |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FOUR THROUGH EIGHT

(Mail Fraud)

5. Paragraphs 1 through 4 above are incorporated herein by reference as if repeated and realleged in full.

6. As further part of the scheme, the defendant **SHELLY ANNE LEIPHAM** made phone calls to A.K. instructing her to mail funds to the defendant **SHELLY ANNE LEIPHAM** to her residence in Las Vegas, Nevada using accounts for private or commercial interstate carriers provided by defendant **SHELLY ANNE LEIPHAM**.

7. On or about the dates listed in the chart below, in the Northern District of West Virginia and elsewhere, the defendant **SHELLY ANNE LEIPHAM**, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, knowingly deposited and caused to be deposited by any private or commercial interstate carrier the following matters and things:

| COUNT | DATE | DESCRIPTION OF MAILING |
|---|---|---|
| Four | January 3, 2019 | The defendant caused A.K. to deposit a check to be delivered by FedEx to the defendant. |
| Five | August 21, 2019 | The defendant caused A.K. to deposit a check to be delivered by FedEx to the defendant. |
| Six | October 30, 2019 | The defendant caused A.K. to deposit a check to be delivered by FedEx to the defendant. |
| Seven | February 20, 2020 | The defendant caused A.K. to deposit a check to be delivered by FedEx to the defendant. |
| Eight | April 29, 2020 | The defendant caused A.K. to deposit a check to be delivered by FedEx to the defendant. |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS NINE THROUGH ELEVEN

(Money Laundering)

1. On or about the dates below, within the Northern District of West Virginia and elsewhere, the defendant **SHELLY ANNE LEIPHAM** did knowingly conduct and attempt to conduct the financial transactions identified below, each of which affected interstate commerce:

| COUNT | DATE | AMOUNT |
|---|---|---|
| Nine | August 22, 2019 | $700.00 |
| Ten | October 31, 2019 | $2,000.00 |
| Eleven | February 21, 2020 | $800.00 |

2. Each amount identified above involved in whole or in part the proceeds of a specified unlawful activity, that is, proceeds of the mail fraud identified in Counts Five, Six and Seven above.

3. The defendant **SHELLY ANNE LEIPHAM** did so knowing that each transaction was designed in whole or in part to conceal and disguise the nature and source of the proceeds of the specified unlawful activity, namely mail fraud, and that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE ALLEGATION

1. Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), 1956(c)(7), 1961(1) and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341 and 1343. The property to be forfeited includes, but is not limited to, a money judgement in the amount of at least $336,402.00.

2. Pursuant to Title 18, United States Code, Section 982(a)(1) and Title 18, United States Code, Section 1956, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property, real or personal, involved in such offense, and any property traceable to such property, including a money judgment in the amount of at least $134,413.00.

3. Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/_____
Foreperson

/s/_____
RANDOLPH J. BERNARD
Acting United States Attorney

Sarah E. Wagner
Assistant United States Attorney